IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | CHAPTER 11 |
| DIRECTORY DISTRIBUTING ASSOCIATES, INC., | § § § § | CASE NO. 16-47428 (E.D. Mo.) |
| Debtor, | § § § | |
| ERVIN WALKER; DONALD WALKER; ERIC ALLEN; JUSTIN COOPER; REGINA COUTEE; AND BRIAN MATHIS, | § § § § § § § | ADV. PROC. NO. 16-03258 |
| Plaintiffs, | § § § | |
| v. | § § | |
| DIRECTORY DISTRIBUTING ASSOCIATES, INC.; RICHARD PRICE; STEVE WASHINGTON; LAURA WASHINGTON; ROLAND E. SCHMIDT; SANDY SANDERS; and AT&T CORPORATION, | § § § § § § § § | |
| Defendants. | | |

**PLAINTIFFS' MOTION TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs Donald Walker, Eric Allen, Justin Cooper, Regina Coutee, and Brian Mathis and the opt-in collective action members ("Movants") respectfully

file this Motion to Transfer Venue of this adversary proceeding pursuant to 28 U.S.C. § 1412, and in support thereof would respectfully show as follows:

## Introduction

Plaintiffs respectfully advise the Court that they consider this proceeding a non-core proceeding and that they do not consent to the entry of final orders or judgment by the Bankruptcy court.

## Background[1]

This adversary proceeding is one-half of a Fair Labor Standards Act collective action, removed from Texas state court nearly five years after it was filed.[2] The removal was precipitated by Directory Distributing Associates, Inc. ("DDA")'s voluntary bankruptcy, which was filed on October 14, 2016 in the United States Bankruptcy Court for the Eastern District of Missouri. The other half of the collective action remains pending and is proceeding expeditiously in the Northern District of California. This Court should transfer this proceeding to the

---

[1] This basic procedural history is established by the lengthy record in this case, of which this Court may take judicial notice. *Aloe Crème Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (district court "clearly ha[s] the right to take notice of its own files and records"); *Garcia v. United States*, No. 4:16-cv-11, 2016 WL 1638779, at *1 n.1 (S.D. Tex. Apr. 25, 2016) (same), *report and recommendation adopted*, 2016 WL 3064129 (S.D. Tex. May 27, 2016).

[2] DDA failed to include with its notice of removal a copy of all process and pleadings from the state court, as required by Federal Rule of Bankruptcy Procedure 9027(a). Any missing pleadings from the state court record may be supplemented once the case is transferred.

Northern District of California, where the two halves can be reunited, worked up, and tried efficiently before the same judge.

These cases began in 2011, when the original plaintiff Ervin Walker filed his lawsuit in Harris County district court.  Mr. Walker and other plaintiffs who joined the action alleged violations of the Fair Labor Standards Act based on a refusal by DDA and AT&T—their joint employers—to compensate them in the manner required by federal wage and hour laws.  In 2012, the state court conditionally certified a nationwide collective action and allowed similarly situated individuals from across the country to opt in to the lawsuit.  Because DDA and AT&T's misconduct was widespread, thousands of additional plaintiffs opted in and joined the Texas case.

In 2013, the state court, based on a state multiparty venue statute, granted the defendants' request to dismiss more than 15,500 opt-in plaintiffs who neither lived nor worked in Texas.  In late 2013, plaintiffs took an accelerated appeal of that decision, and the district court stayed enforcement of its order pending resolution of that appeal.  The appellate process lasted until April 1, 2016, when the Texas Supreme Court denied review of the appellate decision affirming the state district court's order.  Approximately one month later, a second suit was filed against these same defendants in the United States District Court for the Northern District of California, in the case styled *James Krawczyk, et al. v. Directory*

3

*Distributing Associates, Inc. and AT&T Corp.*, Cause No. 3:16-cv-02531-vc.[3] The *Krawczyk* matter includes the non-Texas opt-in plaintiffs dismissed from this case, as well as certain Texas-based plaintiffs seeking damages for the later time period encompassed by that case, such as named plaintiff David Estrada.

Because of the extended appellate proceedings, fact discovery in these five-year-old cases is still ongoing. The unusual procedural history and the complex web of corporate affiliations among DDA, AT&T, and AT&T's subsidiaries have already raised a number of complex factual and legal issues. Presiding over the *Krawczyk* matter, District Judge Vince Chhabria is aggressively moving the case forward, facilitating discovery, holding hearings, resolving disputed motions, and ordering the parties to mediation. As a result, and despite DDA's bankruptcy, it makes good sense to transfer this proceeding to the Northern District of California alongside the *Krawczyk* case. This is truly one case, cleft in two by strategic motion practice from the defendants. DDA's bankruptcy has now forced Movants out of their original choice of forum and threatens even more delay in this long-

---

[3] Plaintiffs request that this Court take judicial notice of the proceedings in *Krawczyk* matter. "A court may take judicial notice of 'a document filed in another court . . . to establish the fact of such litigation and related filings[.]'" *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x. 351, 352 (5th Cir. 2007) (unpublished) (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998)); *see also Koval v. Pac. Bell Tel. Co.*, No. C 12-1627 CW, 2012 WL 3283428, at *1 n.1 (N.D. Cal. Aug. 10, 2012) (taking judicial notice of court's file in a related state court proceeding); *Greene v. H & R Block E. Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1364 (S.D. Fla. 2010) (taking judicial notice of the court's file in a previously filed related case).

pending litigation. The advantages to be gained by allowing a single court to oversee both cases vastly outweigh any inconveniences that may be imposed on DDA by transferring this proceeding from the Southern District of Texas to the Northern District of California.

## Argument

### I. The controlling legal standard is similar to, but more permissive than, the traditional venue transfer standard under 28 U.S.C. § 1404.

An adversary proceeding may be transferred to a district court for another district "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; *see also* FED. R. BANKR. PROC. 7087.[4] These standards mirror those applied to motions to transfer in non-bankruptcy contexts under 28 U.S.C. § 1404. *See In re Think3, Inc.*, 529 B.R. 147, 208 n.12 (Bankr. W.D. Tex. 2015). But unlike § 1404, the § 1412 standard is written in the disjunctive, thereby authorizing a transfer "upon a showing that either (1) the interest of justice *or* (2) the convenience of the parties, warrants transfer." *Id.* at 208; *see also In re BDRC Lofts, Ltd.*, No. 12-11559-CAG, 2013 WL 395129, at *2 (Bankr. W.D. Tex. Jan. 31, 2013) ("Justice and convenience are two separate paths to transfer under § 1412; either can justify transfer on its own.").

---

[4]"A motion to transfer venue is a 'core' proceeding," and therefore within the power of a bankruptcy court to hear and resolve. *See In re Pope Vineyards*, 90 B.R. 252, 254 (Bankr. S.D. Tex. 1988).

5

This Court essentially has unfettered discretion to order a transfer under § 1412. *In re Think3, Inc.*, 529 B.R. at 208; *see also* 7 NORTON BANKR. L. & PRAC. 3d § 140:2 (2016) ("The 'interest of justice' prong . . . leaves the matter of transfer entirely within the discretion of the court hearing the motion."). Writing about the analogous § 1404, the Supreme Court has observed that transfer statutes were "intended to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted). Section 1412 "does not restrict the district to which a case may be transferred," thereby conferring even more discretion than § 1404. *Borger Props., Inc. v. Auer Corp.*, No. 10-03171, 2010 WL 3932393, at *3 (Bankr. S.D. Tex. Oct. 4, 2010). Movants have the burden to establish that a transfer is warranted by a preponderance of the evidence. *Id.* (citing *In re Commonwealth Oil Ref. Co.*, 596 F.2d 1239, 1241 (5th Cir. 1979)).

## II.  The Court should transfer this case in the interest of justice.

The "interest of justice" inquiry is a broad and flexible one, encompassing a range of factors focused around efficiency and fairness. Relevant considerations include: (1) judicial economy; (2) "[e]fficiency and economics of estate administration"; (3) the state's interest in having local controversies decided at home; and (4) preferences for the main bankruptcy forum and/or the plaintiff's

chosen forum.  *See In re Think3, Inc.*, 529 B.R. at 209; *Borger Props.*, 2010 WL 3932393, at *5.[5]

Judicial economy concerns alone justify a transfer here.  *See Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (applying § 1404) ("Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." (internal quotation marks omitted)).  As a result of the complex procedural histories of this case and the *Krawczyk* matter, DDA and AT&T are embroiled in virtually identical litigation in both Texas and California.  Transferring this proceeding to California would result in significant efficiencies, as the same judge could handle the variety of identical practical and legal issues raised by the two lawsuits.[6]

Indeed, Judge Chhabria is already familiar with this dispute.  He has held hearings on the matter, ruled on half a dozen motions to dismiss, and ordered the

---

[5]This list is not exhaustive.  In appropriate circumstances, other factors not relevant here may also be weighed.  *See e.g.*, *In re Think3, Inc.*, 529 B.R. at 209 (fairness and the ability to receive a fair trial); *Borger Props.*, 2010 WL 3932393, at *5 (familiarity of the forum with the law that will govern the case); *see also Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (applying § 1404)( and stating that "[t]he trial court must consider all relevant factors to determine whether or not on balance the litigation would more conveniently process and the interests of justice be better served by transfer to a different forum." (internal quotation marks omitted)).

[6] While this case may be referred to the California bankruptcy court on transfer, 28 U.S.C. §157(d) mandates withdrawal of the reference to the district court because the matter requires consolidation of the non-bankruptcy federal law regulating organizations or activities impacting interstate commerce.

parties to mediation before a magistrate judge in California. *See Krawczyk v. Directory Distributing Assocs., Inc.*, No. 3:16-cv-02531-VC (N.D. Cal. Dec. 9, 2016) (order on motions to dismiss and strike), attached as **Exhibit A**; *Krawczyk v. Directory Distributing Assocs., Inc.*, No. 3:16-cv-02531-VC (N.D. Cal. Sept. 26, 2016) (order resetting settlement conference for January 30, 2017), attached as **Exhibit B**. This familiarity makes Judge Chhabria's court the most sensible venue for both cases. *Cf. Batiste v. Island Records, Inc.*, 179 F.3d 217, 227–28 (5th Cir. 1999)( finding court's familiarity with case justified exercising jurisdiction over pendent state law claims, as it would "prevent redundancy and conserve scarce judicial resources"). In contrast, this Court will face a substantial "learning curve" inheriting a five-year-old collective action. *See In re Think3, Inc.*, 529 B.R. at 209 (finding that a "court's familiarity with the substantive issues and familiarity with the law to be applied," as well as with the facts of the case, weigh in favor of transfer).

Venue transfer is designed to avoid "the wastefulness of time, energy and money" that results from having "precisely the same issues . . . simultaneously pending in different District Courts." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). "[A] number of courts, including the Fifth Circuit, have held that the existence of related litigation in a transferee court is a factor that weighs strongly in favor of transfer." *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 594 (N.D. Tex. 2003) (citing *Jarvis Christian College v.*

8

*Exxon Corp.*, 845 F.2d 523, 528-29 (5th Cir. 1988)); *see also Moto Photo, Inc. v. K.J. Broadhurst Enterprises, Inc.*, No. 3:01-CV2282-L, 2003 WL 298799, at *5 (N.D. Tex. Feb. 10, 2003) ("A transfer in 'the interest of justice' is appropriate where related cases involving the same issues are pending in another court."). The only way to avoid such wastefulness here is to transfer this adversary proceeding to the Northern District of California where it can be consolidated with the *Krawczyk* matter. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986) (applying § 1404 to find that "[r]elated litigation should be transferred to a forum where consolidation is feasible.").

The administration of DDA's bankruptcy estate also would be enhanced by a transfer of this proceeding to California. In the main bankruptcy case, DDA filed a Schedule D indicating it has no secured creditors. *See* DDA's Schedules of Assets and Liabilities, attached as **Exhibits C, at p. 8 of 37**. Among the largest claimants from DDA's identified list of unsecured creditors (Scheduled E/F) is the California Employment Development Department, located in California. *See id. At p. 11 of 37.* Other unsecured creditors include the Texas-based plaintiffs in this case, and the California-based plaintiffs in *Krawczyk*. *See id.* at pp 10–17 of 37. Other than creditors directly affiliated with this litigation, DDA's only Texas-based creditors are individuals with unspecified worker's compensation claims against DDA. *Id.* The ability of the *Krawczyk* plaintiffs to participate in this case will be enhanced by transferring this case to the Northern District of California. *See In re Pope*

9

*Vineyards*, 90 B.R. 252, 256 (Bankr. S.D. Tex. 1988) (finding that the location of majority of creditors in California weighed in favor of transfer from Southern District of Texas to Northern District of California). Additionally, there is no reason to believe it will be more costly for DDA and AT&T to litigate in California than in Texas, especially because they already have retained counsel in California to represent them in the *Krawczyk* matter. *See In re Think3, Inc.*, 529 B.R. at 209 (determining that higher cost for bankruptcy estate to litigate in proposed transferee venue weighed against transfer).

The local interest factor is neutral in this case. While Texas has some interest in adjudicating a dispute that arose within its borders in Texas, that interest is counterbalanced by the fact that the causes of action asserted arise under federal, rather than state, law. *Cf. In re Think3, Inc.*, 529 B.R. at 210 (holding that application of substantive Delaware law weighed in favor of transfer to Delaware).

The forum-choice factor is also neutral. Although some courts place a thumb on the scale in favor of the district housing the main bankruptcy case, that choice is not currently before the Court. DDA's Chapter 11 case is proceeding in the Eastern District of Missouri. As between the current venue (Texas) and the proposed transferee venue (California), that presumption is meaningless.[7] Moreover, the presumption itself is far from conclusive: "the location of the

---

[7]Movants anticipate DDA may suggest this case should be transferred to the Eastern District of Missouri. Because the judicial economy concerns raised above still would dominate that analysis, Judge Chhabria is best situated to make that decision.

10

debtor's bankruptcy case is not the only factor to evaluate to determine whether venue should be transferred." *Id.* at 208; *see also In re Adkins Supply, Inc.*, No. 11-10353-RLJ-7, 2015 WL 1498856, at *5 (Bankr. N.D. Tex. Mar. 27, 2015) ("Notwithstanding some deference to the 'home court' choice, if consideration of the 'interest of justice' or the 'convenience of parties' warrants it, the court should transfer a case.").

Similarly, some courts give weight to the plaintiff's original choice of forum. *See id.* at 210. But here, Movants' original forum of choice is Texas state court, not this Court. The only way to respect Movants' original choice would be to remand this case to state court—an option neither party is proposing. However, as evidenced by this motion, Movants are agreeable to transferring this case to the Northern District of California to rejoin the *Krawcyzk* plaintiffs, who are carrying on the work begun by the original plaintiffs in this case back in 2011. At this stage of the litigation, that forum is as much plaintiffs' chosen forum as any available forum.

In sum, the interest of justice weighs in favor of this Court exercising its considerable discretion to transfer this case to the Northern District of California, where it can rejoin the *Krawczyk* matter and be litigated economically and efficiently in a single forum.

## Conclusion

For the foregoing reasons, Movants respectfully request this Court transfer this adversary proceeding to the United States District Court for the Northern District of California.

    Respectfully submitted,

    By: /s/ *Cynthia Thomson Diggs*
    Cynthia Thomson Diggs
    State Bar No. 18554600
    cdiggs@holmesdiggs.com
    Judith Sadler
    State Bar No. 17511850
    jsadler@holmesdiggs.com
    Rachel Smith
    State Bar No. 24080428
    rsmith@holmesdiggs.com
    **HOLMES, DIGGS & EAMES, PLLC**
    5300 Memorial Drive, Suite 900
    Houston, TX  77007
    (713) 802-1777
    (713) 802-1779 (Fax)

    Richard Warren Mithoff
    State Bar No. 14228500
    rmithoff@mithofflaw.com
    Janie L. Jordan
    State Bar No. 11012700
    jjordan@mithofflaw.com
    **MITHOFF LAW FIRM**
    500 Dallas Street, Suite 3450
    Houston, TX 77002
    (713) 654-1122
    (713) 739-8085 (Fax)

        Russell S. Post
        State Bar. No. 00797258
        rpost@beckredden.com
        Thomas E. Ganucheau
        State Bar No. 00784104
        tganucheau@beckredden.com
        **BECK REDDEN LLP**
        1221 McKinney, Suite 4500
        Houston, TX 77010-2010
        (713) 951-3700
        (713) 951-3720 (Fax)

**ATTORNEYS FOR PLAINTIFFS
DONALD WALKER, ERIC ALLEN, JUSTIN COOPER, REGINA COUTEE, BRIAN MATHIS AND OPT-IN PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that, in compliance with S.D.T.X. Local Rule 7.1(D), we have conferred with counsel for DDA and AT&T and that we could not agree about the disposition of this motion. On December 19, 2016, lead counsel for AT&T and YP Defendants stated that the parties she represented were opposed to transferring the Texas litigation to the Northern District of California. On January 3, 2017, I contacted counsel for DDA regarding this motion. As of the filing of this motion, I have not received a response.

                               _/s/Cynthia Thomson Diggs_____
                               Cynthia Thomson Diggs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing document was filed with the Court's electronic filing service, which will provide notice of the filing to all counsel of record, as well as by email to all counsel of record below, on January 3, 2017.

Katherine G. Treistman
ORRICK, HERRINGTON & SUTCLIFFE LLP
1301 McKinney St., Suite 4100
Houston, Texas 77010
ktreistman@orrick.com

Brian E. McGovern
Bryan M. Kaemmerer
MCCARTHY, LEONARD & KAEMMERER, L.C.
400 South Woods Mill Road, Suite 250
Chesterfield, MO 63017
bmcgovern@mlklaw.com
bkaemmerer@mlklaw.com

Ervin Eugene Walker
4014 Prudence Drive
Houston, TX 77045
wlkervn@aol.com

Julie Totten
ORRICK, HERRINGTON & SUTCLIFFE, LLP
400 Capital Mall, Suite 3000
Sacramento, CA 95914
jatotten@orrick.com

L. Don Luttrell
John M. Williams
LUTTRELL & WILLIAMS, P.C.
3000 Weslayan, Suite 245
Houston, TX 77027
uhdluttrell@aol.com

Walter James Kronzer, III
WALTER JAMES KRONZER, III, P.C.
3000 Weslayan, Suite 247
Houston, Texas 77027-5753
wkronzer@kronzer.com

Johnie Patterson
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, Texas 77208-1301
jjp@walkerandpatterson.com

                                      */s/Cynthia Thomson Diggs*
                                      Cynthia Thomson Diggs