IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** § § **DIRECTORY DISTRIBUTING** § **ASSOCIATES, INC.,** § § **Debtor.** § § § § § | **Chapter 11** Case No. 16-47428 (E.D. MO.) |
| **ERVIN WALKER; DONALD WALKER;** § **ERIC ALLEN; JUSTIN COOPER;** § **REGINA COUTEE; AND BRIAN** § **MATHIS;** § **PLAINTIFFS** § § **v.** § § **DIRECTORY DISTRIBUTING** § **ASSOCIATES, INC.; RICHARD PRICE;** § **STEVE WASHINGTON; LAURA** § **WASHINGTON; ROLAND E.** § **SCHMIDT; AND SANDY SANDERS;** § **AND AT&T CORPORATION;** § **DEFENDANTS.** § § | **ADV. PROC. NO. 16-3258** |

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST ST ATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

## REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

### MOTION TO TRANSFER VENUE

Directory Distributing Associates, Inc. ("DDA"), debtor in a chapter 11 case pending in the United States Bankruptcy Court, Eastern District of Missouri, Eastern Division ("the DDA Bankruptcy" pending in the "Missouri Bankruptcy Court") and defendant in the above-captioned adversary proceeding (the "Adversary Proceeding" or "*Walker*"), respectfully moves the Court for entry of an order pursuant to 28 U.S.C. § 1412 or, in the alternative, 28 U.S.C. § 1404(a), transferring the Adversary Proceeding from this Court to the Missouri Bankruptcy Court.

### Introduction

1. Plaintiffs and DDA agree that this Adversary Proceeding should be transferred. *See Plaintiffs' Motion to Transfer*, Dkt. 12 ("Plaintiffs' Transfer Motion"). This Adversary Proceeding is one of two pending lawsuits against DDA that together comprise a nationwide putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs in both *Walker* and *Krawczyk* allege they were misclassified as independent contractors and seek backpay for minimum wages and overtime, liquidated damages, and attorney's fees. This Adversary Proceeding is limited to approximately 2,500 plaintiffs who lived or worked in Texas. A related case was filed in California federal court in May 2016, purportedly on behalf of approximately 16,975 non-Texas individuals who opted into the *Walker* but were dismissed for failure to satisfy Texas' venue requirements. *See Krawczyk v. DDA, et al.*, No. 3:16-cv-2531 (N.D. Cal.) (filed May 10, 2016) (hereinafter, "*Krawczyk*"). DDA anticipates filing a similar motion in *Krawczyk* in order to seek transfer of both cases to the Missouri Bankruptcy Court.

2. In deciding where this Court should transfer the Adversary Proceeding, Plaintiffs acknowledge that "some Courts place a thumb on the scale in favor of the district housing the main bankruptcy case, [however] that choice is not currently before the Court." Plaintiffs' Transfer Motion pg. 10. That favored choice is now available. Plaintiffs' proposed solution to transfer the Adversary Proceeding to the Northern District of California ignores many of the facts supporting why courts favor transferring cases like this to the main bankruptcy court.

3. Plaintiffs ignore that their claim against DDA is stayed and that as a chapter 11 debtor in the Missouri Bankruptcy Court, DDA has the right to have Plaintiffs' claims against it resolved in the Missouri Bankruptcy Court. DDA has limited remaining assets of approximately $3,000,000. The expected litigation costs and alleged liabilities in *Walker* and *Krawczyk*, both to Plaintiffs and to the other defendants that DDA may be obligated to indemnify, could overwhelm the claims of DDA's other creditors. Transfer to the Missouri Bankruptcy Court is therefore necessary to serve the interests of efficient administration of the estate and equal treatment of all creditors.

4. Plaintiffs also ignore that DDA is a private, family-owned business located in St. Louis. Its owners, officers, physical office space, and books and records are located in St. Louis. Several witnesses live in St. Louis. And significantly, the DDA Bankruptcy is venued in St. Louis. St. Louis is the most efficient venue for all parties concerned because of its integral connection to the underlying facts of these cases. For all these reasons and those discussed below, DDA requests the Adversary Proceeding be transferred to the Missouri Bankruptcy Court.

**Background**

5.      *Walker* was initially commenced as an individual action by *pro se* plaintiff Ervin Walker on August 25, 2011. Plaintiff Walker first asserted collective action allegations on June 25, 2012, in an amended petition in which he was joined by two additional named plaintiffs and represented by counsel. On November 26, 2012, the Harris County District Court (the "State Court") conditionally certified *Walker* as a collective action and approved a form of notice to potential plaintiffs. The opt-in period lasted until March 29, 2013. Approximately 19,000 individuals initially opted in as plaintiffs. On September 13, 2013, the State Court dismissed approximately 16,500 of the 19,000 opt-in plaintiffs because they did not satisfy venue requirements under Texas law. The dismissed plaintiffs promptly filed an interlocutory appeal. The Texas Fourteenth Court of Appeals affirmed the dismissal and the judgment on appeal became final in May 2016, after the Texas Supreme Court denied review. In part because the State Court "suspend[ed] enforcement" of the dismissal order for the duration of any appeals, the state court litigation nearly ground to a halt for the almost three-year period during which the appeals were pending.

6.      After the Texas Supreme Court denied review, one of the dismissed non-Texas plaintiffs, James Krawczyk, filed *Krawczyk* on May 10, 2016. As exhibits to his initial Complaint, Plaintiff Krawczyk filed copies of approximately 16,975 opt-in consent forms purportedly filed by "non-Texas plaintiffs" who were dismissed from the *Walker* action. Thus, it appears that the *Krawczyk* plaintiffs (an amended complaint purported to add a second named plaintiff) are seeking to pursue claims on behalf of at least 16,975 workers. *See also Krawczyk* ECF No. 1-1 to 1-72 (*Walker* Opt-in Consents).

7. Due largely to the State Court's order dismissing the non-Texas plaintiffs and their subsequent interlocutory appeal, the discovery in *Walker* has been relatively limited thus far. The first deposition in *Walker* took place on October 12, 2016. A second deposition took place on October 13, 2016, and a third was in progress on October 14, 2016, but was suspended when DDA filed its chapter 11 petition during the course of the deposition.

8. DDA filed its Chapter 11 case in the United States Bankruptcy Court for the Eastern District of Missouri, Case Number 16-47428-659. The case was assigned to Chief Judge Kathy Surratt-States. Also on October 14, 2016, DDA filed a Notice of Suggestion of Bankruptcy and Application of Automatic Stay in *Walker*. On October 17, 2016, non-debtor co-defendant AT&T Corp. filed a Notice of the Effect on AT&T Corp. of the Bankruptcy Filing By Defendant Directory Distributing Associates, Inc. In its Notice, AT&T Corp. asserted that case law supported the position that the automatic stay imposed by 11 U.S.C. § 362(a) applies to AT&T Corp. and the other Defendants.

9. On October 17, 2016, DDA filed a Suggestion of Bankruptcy in *Krawczyk*. That same day, several of the non-debtor defendants[1] in *Krawczyk* filed a Notice of Effect on Remaining Defendants of Bankruptcy Filing by Defendant Directory Distributing Associates, Inc., similar to the notice filed by AT&T Corp. in *Walker*.

10. Neither the State Court in *Walker* nor the *Krawczyk* court has issued any ruling directly addressing the applicability of the automatic stay to the non-debtor defendants. On

---

[1] The non-debtor defendants are AT&T Corp.; AT&T Inc.; AT&T Services, Inc.; YP Holdings LLC; YP Advertising & Publishing LLC (successor to AT&T Advertising, LP, incorrectly sued as AT&T Advertising, LP d/b/a AT&T Advertising and Publishing, d/b/a AT&T Advertising Solutions, d/b/a Pacific Bell Directory, d/b/a YP Western Directory LLC); and YP LLC (successor to YP Shared Services LLC, incorrectly sued as YP Shared Services, LP). AT&T Inc. did not join the Notice because it contends that the *Krawczyk* court lacks personal jurisdiction over it.

November 15, 2016, DDA filed in the Missouri Bankruptcy Court a Motion for Confirmation that the Automatic Stay Pursuant to 11 U.S.C. § 362 Includes Indemnified Non-Debtor Co-Defendants, or, in the Alternative, for Stay of Proceedings Pursuant to 11 U.S.C. § 105(a) (the "Stay Motion").  Thereafter, DDA filed a supporting declaration and memorandum of law.  The Stay Motion is scheduled for hearing on January 9, 2017.  A copy of the Stay Motion and related pleadings in support are attached as Exhibit A hereto.

11.     The DDA Defendants removed *Walker* from the State Court to this Court on November 23, 2016.  *See* Dkt. No. 1.

## Argument and Authorities

12.     Transfer is appropriate under both 28 U.S.C. § 1412 and 28 U.S.C. § 1404(a).  The claims asserted by the Plaintiffs directly against DDA are core claims under the Bankruptcy Code.  28 U.S.C. § 157.  While these claims are stayed, allowing the Adversary Proceeding to proceed against the remaining Defendants would negatively impact DDA and its estate.  The Stay Motion explains that various non-debtor Defendants assert indemnity or other claims against DDA.  In addition, St. Louis is the location of voluminous document relative to *Walker* and *Krawczyk* (potentially filling one or more trucks) and former employees and other witnesses, reside in St. Louis.  The Stay Motion explains the importance of having the Missouri Bankruptcy Court control all litigation for the benefit of DDA and its various creditors.

13.     Part of that process is having all claims against all Defendants in the *Walker* and *Krawczyk* cases transferred to the Missouri Bankruptcy Court.  The claims asserted by Plaintiffs against the other Defendants are "related to" the DDA Bankruptcy because their "outcome … could *conceivably* have an[] effect on the estate being administered in bankruptcy." *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis in original).  While courts are split over which

transfer statute—§ 1412 or § 1404(a)—governs the transfer of such "related to" actions, "courts apply essentially the same factors in analyzing transfers under §§ 1404(a) and 1412." *Campbell v. Williams*, No. 1:14-CV-097, 2015 WL 3657627, at *2 (S.D. Tex. June 12, 2015) (applying § 1412); *see also Longhorn Partners Pipeline L.P. v. KM Liquids Terminals, L.L.C.*, 408 B.R. 90, 98 n.3 (Bankr. S.D. Tex. 2009) ("Considering the nearly identical language in § 1404(a) and § 1412, courts have generally applied the same analysis to both."). DDA therefore seeks transfer under both § 1412 and § 1404(a), and, in accordance with the District Court's decision in *Campbell*, addresses the § 1412 factors first and then briefly discuss the § 1404(a) factors.

### Transfer is Warranted Under 28 U.S.C. § 1412

14. Section 1412 provides: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. A transfer under this section is appropriate if it is *either* "in the interest of justice" *or* "for the convenience of the parties." *Campbell*, 2015 WL 3657627, at *3; *see also In re Bruno's, Inc.*, 227 B.R. 311, 324 (Bankr. N.D. Ala. 1998). Here, transfer would be in both the interest of justice and the convenience of the parties.

### *Transfer is "In the Interest of Justice" Under § 1412*

15. The standard for whether a transfer is "in the interest of justice" is "broad and flexible." *Campbell*, 2015 WL 3657627, at *3 (quoting *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990)). Courts consider the following factors in making this determination:

> (a) Economics of estate administration[;] (b) Presumption in favor of the 'home court'[;] (c) Judicial efficiency[;] (d) Ability to receive a fair trial[;] (e) The state's interest in having local controversies decided within its borders, by those familiar with its laws[;] (f) Enforceability of any judgment rendered[; and] (g) Plaintiff's original choice of forum.

*Id.*

16.     The first factor (economics of estate administration) weighs heavily in favor of transfer. Numerous courts have recognized that this is "the most important factor." *Creekridge Capital, LLC v. Louisiana Hosp. Ctr., LLC*, 410 B.R. 623, 630 (D. Minn. 2009) (citing cases); *see also Jackson v. Fenway Partners, LLC*, No. 13-cv-00005, 2013 WL 1411223, at *3 (N.D. Cal. Apr. 8, 2013). This factor is met whenever "transfer would promote the economic and efficient administration of the bankruptcy estate." *Creekridge*, 410 B.R. at 630. Here, DDA faces two closely-related actions, with nearly identical allegations, that are pending in separate venues almost 2,000 miles apart and an average of nearly 1,500 miles from St. Louis, where DDA is headquartered and where its bankruptcy case is pending. DDA has had to retain separate local counsel to assist its St. Louis-based employment counsel in each separate case. Transfer would therefore aid in the efficient and cost-effective resolution of "the [multiple] adversary proceedings and pre-petition lawsuits currently pending against [DDA]." *Orthodontic Centers of Texas, Inc. v. Corwin*, No. H-06-cv-2595, 2007 WL 173220, at *2 (S.D. Tex. Jan. 18, 2007) (transferring case to district where the bankruptcy was pending to facilitate consolidation with similar cases).

17.     Furthermore, the non-debtor Defendants have asserted indemnification claims against DDA that will also likely have to be determined as part of the DDA Bankruptcy. Courts have recognized that such circumstances warrant transfer to the district in which the bankruptcy case is pending, where all claims can be resolved:

> if [plaintiff] were to obtain a judgment on its claims, the non-Bankrupt Defendants would presumably assert claims for contribution or indemnification against [the debtor]. ***Economic and efficient administration of [the debtor's] bankruptcy estate would be advanced (as would the general concern for judicial efficiency) by resolving all of the claims in a single forum.***

*Creekridge*, 410 B.R. at 630 (emphasis added) (granting transfer of a removed, pre-petition state court action to the home bankruptcy court).

18. The second factor (presumption in favor of the "home court") also "weighs strongly in favor of transfer[]." *Campbell*, 2015 WL 3657627, at *4. The "home court" is "the court where the bankruptcy case is pending." *Id.* And the presumption in favor of the home court is strong. "There is a strong presumption that proceedings 'related to' a bankruptcy should be litigated in the judicial district where the bankruptcy itself is pending." *Orthodontic Centers*, 2007 WL 173220, at *1 (collecting cases). As discussed, Plaintiffs concede this point. *See* Plaintiffs' Motion to Transfer pg. 10.

19. The third factor (judicial efficiency) is closely related to the first factor and strongly supports transfer for the same reasons. While Plaintiffs concede that this Adversary Proceeding should be transferred, they ignore the role of the Missouri Bankruptcy Court in the Adversary Proceeding and the *Krawczyk* case. As much as Plaintiffs would like to avoid it, Chief Judge Surratt-States will be directly involved in these cases in several ways, including as part of the claims resolution process. DDA has very limited resources that would be strained to exhaustion by such litigation in California and then St. Louis. And, absent consolidation in the forum of the DDA bankruptcy, there would also be a risk of inconsistent rulings. *See Williams v. Sears Roebuck & Co.*, No. 97-cv-3794, 1998 WL 61307, at *2 (N.D. Cal. Jan. 29, 1998) ("Consolidation prevents waste and duplication of judicial time and effort, and avoids the risk of inconsistent litigation in complicated cases.").

20. The fourth through sixth factors are neutral. As to the fourth (ability to receive a fair trial), there is no reason to believe plaintiffs could not receive a fair trial in the Eastern District of Missouri. The fifth factor (Texas' interest in having local controversies decided

within its borders, by those familiar with its laws) is neutral because plaintiffs' only claim is for violation of *federal* law.  A federal court in St. Louis has no less interest or expertise in deciding FLSA claims than a court in Texas, federal or state.  And the sixth factor (enforceability of any judgment) also is neutral because there is no reason to believe that a judgment from the Eastern District of Missouri would be any more difficult to enforce than a judgment from a court in Houston or San Francisco.  If anything, such a judgment would be easier to enforce because DDA's assets are subject to the DDA Bankruptcy pending in the Missouri Bankruptcy Court.

21. The seventh and final factor (plaintiff's original choice of forum) is entitled to minimal, if any, weight.  Given that Plaintiffs agree that this Adversary Proceeding should be transferred, this factor should be deemed moot.

22. On balance, the "interest of justice" factors strongly support transfer to the Eastern District of Missouri.

### *Transfer Would Serve "the Convenience of the Parties" Under § 1412*

23. Courts assess the "convenience of the parties" on a "case-by-case" basis, considering the following factors:

> (a) Location of the plaintiff and defendant[;] (b) Ease of access to necessary proof[;] (c) Convenience of witnesses[;] (d) Availability of subpoena power for the unwilling witnesses[; and] (e) Expense related to obtaining witnesses.

*Campbell*, 2015 WL 3657627, at *4.

24. The first factor (location of the parties) supports transfer to the Missouri Bankruptcy Court.  DDA is a St. Louis-based company and its bankruptcy case is pending in St. Louis.  While Plaintiffs purportedly lived or worked in Texas at some time between 2009 and 2013, they claim to be "similarly situated" with other individuals comprising a nationwide

putative class.  Plaintiffs' desire to leave their home location only further supports transfer in favor of DDA's location and bankruptcy.

25. The second factor (ease of access to necessary proof) also weighs in favor of transfer.  The relevant records regarding the delivery work and the workers DDA hired reside with DDA, mostly in Missouri.  The DDA witnesses who can authenticate these business records likewise reside predominantly in Missouri.  This case is likely to focus on records in DDA's possession, which are located in Missouri, and not on many documents possessed by Plaintiffs.

26. The third factor (convenience of witnesses) strongly supports transfer.  Most of the relevant DDA witnesses are in Missouri.  The testimony of these witnesses may be relevant not only to this Adversary Proceeding, but to the *Krawczyk* case as well.  Given the Plaintiffs willingness to travel to San Francisco, they should be willing to travel half that distance to St. Louis.

27. The fourth and fifth factors (availability of subpoena power and expense related to obtaining witnesses) are related to the third and support transfer.  DDA no longer employs several witnesses that may be important.  To the extent that the former employees of DDA, live in or near St. Louis, they may be subject to the subpoena power of the Missouri Bankruptcy Court – but are not subject to process issued in San Francisco.

28. On the whole, litigating this Adversary Proceeding in St. Louis would be more convenient for the parties and witnesses than San Francisco.

### Transfer is Warranted Under 28 U.S.C. § 1404(a)

29. Section 1404(a) provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Courts apply a series of private and

public interest factors under § 1404(a) that overlap almost entirely with the § 1412 factors discussed above. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* These lists of factors are neither "necessarily exhaustive or exclusive." *Id.*

30.    Since "the same analysis" generally applies under § 1404(a) as under § 1412, the court should also grant transfer under § 1404(a), for the reasons stated above in connection with the § 1412 factors. *Longhorn*, 408 B.R. at 98 n.3 ("[c]onsidering the nearly identical language in § 1404(a) and § 1412, courts have generally applied the same analysis to both").

## Conclusion

31.    For the foregoing reasons, DDA respectfully requests that this Court transfer this Adversary Proceeding to the United States Bankruptcy Court for the Eastern District of Missouri, where the DDA Bankruptcy is pending and for such further and additional relief as this Court may deem just and proper.

DATED:  January 5, 2017

Respectfully submitted,

By: */s/Johnie Patterson*

Johnie Patterson
SBN #15601700
SPECIAL COUNSEL FOR
THE DEBTOR

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713)956-5577 Phone
(713)956-5570 Fax

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was delivered to the following recipients via electronic delivery on January 5, 2017.

Richard Warren Mithoff
Janie L. Jordan
Rosa Mendoza
MITHOFF LAW FIRM
One Allen Center - Penthouse
500 Dallas Street
Houston, TX 77002
rmithoff@mithofflaw.com
jjordan@mithofflaw.com
rmendoza@mithofflaw.com

Cynthia Thomson Diggs
Rachel Smith
Judith Sadler
HOLMES, DIGGS, EAMES & SADLER
5300 Memorial Drive, Suite 900
Houston, TX 77007
cdiggs@holmesdiggs.com
rsmith@holmesdiggs.com
jsadler@holmesdiggs.com

Ervin Eugene Walker
4014 Prudence Drive
Houston, TX 77045
wlkervn@aol.com

Russell Post
BECK REDDEN LLP
1221 McKinney Street, Suite 4500
Houston, TX 77062
rpost@beckredden.com

Brian E. McGovern
Byran M. Kaemmerer
MCCARTHY, LEONARD & KAEMMERER, L.C.
825 Maryville Centre Drive, Suite 300
Town and Country, MO 63017-5946
bmcgovern@mlklaw.com
bkaemmerer@mlklaw.com

Walter James Kronzer, III
WALTER JAMES KRONZER, III, P.C.
3000 Weslayan, Suite 247
Houston, TX 77027-5753
wkronzer@kronzer.com

| | |
|---|---|
| L. Don Luttrell<br>John M. Williams<br>LUTTRELL & WILLIAMS, P.C.<br>3000 Wesleyan, Suite 245<br>Houston, TX 77027<br>uhdluttrell@aol.com | Julie A. Totten<br>Katherine G. Treistman<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1301 McKinney, Suite 4100<br>Houston, Texas  77010-3096<br>jatotten@orrick.com<br>ktreistman@orrick.com |

                                                */s/ Johnie Patterson*
                                                Johnie Patterson